NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LAWRENCE HELM, | No. 17-35490 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05823-BHS |
| v. | |
| LOWE'S HOME CENTERS, LLC, a North Carolina corporation, doing business and licensed in the State of Washington, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 14, 2018**
Seattle, Washington

Before: BERZON, THACKER,*** and HURWITZ, Circuit Judges.

In this diversity case, Lawrence Helm claims that Lowe's Home Centers, LLC

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

breached a duty by failing to warn him about the presence of a yellow caution cone on its property. The district court granted Lowe's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Absent state supreme court precedent, a federal court sitting in diversity "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990). Helm argues that the district court erred in granting summary judgment because it relied upon *Engleson v. Little Falls Area Chamber of Commerce*, 362 F.3d 525, 528–29 (8th Cir. 2004), which interpreted Minnesota law. But the district court noted that the Washington Supreme Court follows the Restatement (Second) of Torts with respect to premises liability, *see Tincani v. Inland Empire Zoological Soc'y*, 875 P.2d 621, 630–31 (Wash. 1994) (en banc), and cited to Washington premises liability cases. Because there was no Washington case directly on point, the district court also cited *Engleson*, noting that it applied the relevant Restatement provision under very similar circumstances. The district court did not err in considering this authority to predict how the Washington Supreme Court would apply the Restatement under the facts of this case.

2. Helm argues that the district court erred by granting Lowe's motion to strike materials in his brief responding to the motion for summary judgment because the

2

motion to strike was set forth in a reply brief. But the local rules for the Western District of Washington specifically provide that requests to strike material contained in briefs "shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief." W.D. Wash. L. Civ. R. 7(g).

Moreover, the court did not abuse its discretion in granting the motion. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (noting the standard of review). The stricken statements by Helm's counsel speculated as to the purpose of the placement of the cone and offered his opinions about whether Lowe's was negligent. Counsel neither witnessed the incident nor provided any foundation for his expertise or opinions. *See* Fed. R. Evid. 701(a) (requiring lay testimony to be "rationally based on the witness's perception"); Fed. R. Evid. 702(b)–(c) (requiring expert testimony to be "based on sufficient facts or data" and "the product of reliable principles and methods"); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence . . . .").

3. Because Helm failed to respond to Lowe's requests for admission, he admitted that that he "observed the yellow caution cone before [he] tripped and fell" and that "there was nothing obstructing [his] vision of the yellow caution cone at the time of the alleged incident." *See* Fed. R. Civ. P. 36(a)(3) (failing to answer or object to a request for admission results in the matter being deemed admitted). Given

3

Helm's admissions, together with undisputed evidence about the color, height, and placement of the cone, the district court correctly concluded that "the cone was an open and obvious warning marker," and that there were "no admissible facts in the record to support" Helm's tort claim. *See* Restatement (Second) of Torts § 343A cmt. e (Am. Law. Inst. 1965) (ruling out landowner liability if a condition is "so obvious" that visitors "may be expected to discover" it). The photographs of the scene do not contradict Helm's admissions, but merely show the placement of the cone and adjoining pallets.

**AFFIRMED.**